IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | Criminal No. 94-27 E |
| ) | |
| MYRNA DELGADO ) | |

**MOTION FOR REDUCTION OF SENTENCE
PURSUANT TO 18 U.S.C. § 3582(c)(2)
TO A SENTENCE OF TIME SERVED
WITH CITATION OF AUTHORITY**

Defendant, Myrna Delgado, by her attorney, Thomas W. Patton, Assistant Federal Public Defender, respectfully files this Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) to a sentence of time served.

1. Ms. Delgado was sentenced on June 27, 1995 to a term of imprisonment of 188 months for an offense involving cocaine base.

2. Subsequently, the United States Sentencing Commission amended <u>United States Sentencing Guidelines,</u> § 2D1.1 to decrease by two levels the offense levels applicable to specific weights of cocaine base (the "Crack Amendment"). The Crack Amendment became effective on November 1, 2007.

3. On December 11, 2007, the Sentencing Commission determined that the Crack Amendment would be retroactive effective March 3, 2008.

4. On February 11, 2008, the Honorable Chief Judge Donetta Ambrose entered a standing order, appointing the Federal Public Defender for the Western District of Pennsylvania to represent any defendant sentenced in this district who might be eligible for a reduction of sentence

pursuant to 18 U.S.C. § 3582(c)(2) based upon the retroactive application of the Crack Amendment.

    5.    Title 18, § 3582(c)(2) provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(2).

    6.    Application of the Crack Amendment in the present case results in the lowering of Ms. Delgado's base offense level under U.S.S.G. § 2D1.1 from 36 to 34. Ms. Delgado's base offense level was increased by 2 levels for possession of a firearm then decreased 2 levels for being a minor participant for a total offense level of 36. With the reduced base offense level under the Crack Amendment, Ms. Delgado's total offense level is reduced to 34.

    7.    In the present case, Ms. Delgado's previous Final Offense Level was 36, with a Criminal History Category of I, resulting in a previous Guideline Range of 188 to 235 months of imprisonment. The Court imposed a sentence of 188 months of imprisonment. After retroactive application of the Crack Amendment, Ms. Delgado's amended Final Offense Level is 34, with a Criminal History Category of I, resulting in an amended Guideline Range of 151 to 188 months of imprisonment. Ms. Delgado's original sentence was at the bottom of the applicable guideline imprisonment range. A sentence at the bottom of the new Guideline Range would be 151 months.

    8.    According to the BOP web site, Ms. Delgado's current release date is December 3, 2008. Retroactive application of the Crack Amendment in the present case would result in a new

release date well earlier than today's date. Accordingly, Ms. Delgado has already served more time than necessary. Section 1B1.10, however, does not allow the Court to impose a sentence lower than time served. At the conclusion of her sentence, Ms. Delgado plans to relocate to North Carolina to live with her husband. Because Ms. Delgado is already so close to her projected release date, her release plan has been approved by the BOP and by the United States Probation Office for the Eastern District of North Carolina. A probation officer in that office has performed a home visit to Ms. Delgado's husband's home and found it to be a suitable residence for Ms. Delgado.

9. Accordingly, Ms. Delgado respectfully requests that her sentence be vacated, and that she be re-sentenced to a term of imprisonment of time served, and released from custody forthwith.

10. A proposed Order, in the form approved of by the Administrative Office of the United States Courts, is attached hereto.

11. Defense Counsel has consulted with Assistant United States Attorney Marshall J. Piccinini who agrees that Ms. Delgado is entitled to a reduction to time served. AUSA Piccinini has opposes on order directing immediate release, preferring instead an order that is stayed for 10 days to allow the BOP time to prepare to release Ms. Delgado. Ms. Delgado respectfully disagrees with this position. If the Court reduces her sentence pursuant to its authority under the Crack Amendment, Ms. Delgado has already served a term of imprisonment over two years longer than necessary. Ms. Delgado's release plan has already been approved and the probation office in the Eastern District of North Carolina is prepared to begin supervision. There is no need for further delay. If, however, the Court is inclined to grant the government's request, it is respectfully requested that the Court signed the proposed order immediately but not make the order effective until 10 days in the future. Under this procedure the Order can be forwarded to the BOP immediately so

it can begin whatever procedures it must go through to release Ms. Delgado.

                    Respectfully submitted,

                    **/s/ Thomas W. Patton**
                    Thomas W. Patton
                    Assistant Federal Public Defender
                    Attorney I.D. No. 88653